GEORGE G. WEICKHARDT (SBN 58586)
WENDY C. KROG (SBN 257010)
ROPERS, MAJESKI, KOHN & BENTLEY
201 Spear Street, Suite 1000
San Francisco, CA 94105
Telephone:    (415) 543-4800
Facsimile:    (415) 972-6301
Email:        gweickhardt@rmkb.com
              wkrog@rmkb.com

Attorneys for Defendant
CHASE BANK USA, N.A.

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

VIRGILIO ESCAMILLA,

                              Plaintiff,

v.

CHASE BANK USA, N.A.,

and DOES 1 through 10, inclusive,

                              Defendants.

CASE NO. 08 CV 1536 JM WMC

**NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6) AND TO STRIKE PURSUANT TO FED. R. CIV. P. 12(f)**

Date:         **October 17, 2008**
Time:         **1:30 p.m.**
Courtroom:    **16**
Judge:    **The Hon. Jeffrey T. Miller**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

       **PLEASE TAKE NOTICE** that on October 17, 2008, at the hour of 1:30 p.m., in

Courtroom 16, at the above-entitled Court, located at 880 Front Street, San Diego, California

95113, the Honorable Jeffrey T. Miller presiding, defendant Chase Bank USA, N.A. will and

hereby does move as follows:

       Chase moves to dismiss the first cause of action under Fed. R. Civ. P. 12(b)(6) on the

grounds that it fails to state a claim upon which relief can be granted, because Chase is not a

"debt collector" under the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq.

       Chase moves to dismiss the third cause of action under Fed. R. Civ. P. 12(b)(6) on the

ground that it fails to state a claim upon which relief can be granted, because it fails to plead the

elements of intrusion into a private place and highly offensive conduct.

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

RC1/5177806.1/WK1                    - 1 -

1    Chase moves to strike the billing statements attached as Exhibit B to plaintiff's complaint

2    as well as any and all references to "billing statements" as follows on the grounds that billing

3    statements are immaterial matter under Fed. R. Civ. P. 12(f) because the Rosenthal Fair Debt

4    Collection Practices Act, Cal. Civ. Code § 1788.14 specifically exempts billing statements:

5    Complaint, paragraph 23:    "CHASE knew it could no longer call, write, send

6    ~~billing statements, statements of account~~, or any other communication except legal

7    process to the DOAN LAW FIRM, LLP."

8    Complaint, paragraph 25:  "CHASE knew it could only call, write, send ~~billing~~

9    ~~statements, and send statements of account~~, to the DOAN LAW FIRM, LLP."

10    Complaint, page 7 chart:

| | | | |
|---|---|---|---|
| ~~1~~ | ~~01/07/08~~ | ~~Billing Statement~~ | ~~Sent despite notice 1 (see above)~~ |
| ~~2~~ | ~~01/25/08~~ | ~~Billing Statement~~ | ~~Sent despite notice 1~~ |
| ~~3~~ | ~~02/07/08~~ | ~~Billing Statement~~ | ~~Sent despite notice 1~~ |
| 4 | 02/15/08 | Letter | Sent despite notice 1 |
| ~~5~~ | ~~02/25/08~~ | ~~Billing Statement~~ | ~~Sent despite notice 1~~ |
| 6 | 02/27/08 | Letter | Sent despite notice 1 |
| 7 | 03/01/08 | Phone Call | Sent despite notice 1 |
| 8 | 03/05/08 | Letter | Sent despite notice 1 |
| 9 | 03/11/08 | Phone Call | Sent despite notice 1 |
| 10 | 03/11/08 | Phone Call | Sent despite notice 1 |
| 11 | 03/11/08 | Phone Call | Sent despite notice 1 |
| 12 | 03/12/08 | Phone Call | Sent despite notice 1 |
| 13 | 03/18/08 | Phone Call | Sent despite notice 1 |
| 14 | 03/18/08 | Phone Call | Sent despite notice 1 |
| 15 | 04/13/08 | Phone Call | Sent despite notice 1 and notice 2 |
| 16 | 04/16/08 | Letter | Sent despite notice 1 and notice 2 |

Chase also moves to strike fourth cause of action in its entirety on that grounds that it is

immaterial under Fed. R. Civ. P. 12(f), to the extent that it based alleged violations of the Federal

FDCPA, or to the extent that it relies on the billing statements for violations of the Rosenthal

FDCPA.

RC1/5177806.1/WK1                          - 2 -

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

1    Finally, Chase moves to strike as follows plaintiff's prayer for $515,480.00 in punitive

2    damages on the grounds that it is immaterial under Fed. R. Civ. P. 12(f) because plaintiff has

3    failed to state a claim for which punitive damages are available:

4         Complaint, paragraph 2:        "ESCAMILLA seeks actual economic and non-

5         economic damages, attorney fees, costs, injunctive relief, ~~punitive damages,~~ and

6         declaratory relief."

7         Complaint, page 12:    "WHEREFORE, ESCAMILLA having set forth the claims

8         for relief against CHASE, respectfully prays that this Court grant relief in the amount of

9         ~~$595,028.00 monetary damages~~ ($51,548.00 Actual Damages, $28,000.00 Penalties~~,~~

10        ~~$515,480 Punitive Damages)~~, Attorney Fees and Costs According to Proof, Injunctive

11        Relief, and Declaratory Relief."

12        Complaint, page 13, E:        "~~Punitive damages of $514,480.00 equal to 10 times~~

13        ~~the forgoing Actual Damages for Invasion of Privacy, Right to Seclusion, and Tort in Se;~~"

14

15   This motion is based on the attached memorandum of points and authorities and such

16   other papers and pleadings as are on file herein.

17   Dated:  September 5, 2008                    Respectfully submitted,

18                                               ROPERS, MAJESKI, KOHN & BENTLEY

19

20                                               By:/s/ Wendy C. Krog
                                                 _____
21                                               GEORGE G. WEICKHARDT
                                                 WENDY C. KROG
22                                               Attorneys for Defendants
                                                 CHASE BANK USA, N.A.

23

24

25

26

27

28

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

RC1/5177806.1/WK1                    - 3 -