GEORGE G. WEICKHARDT (SBN 58586)
WENDY C. KROG (SBN 257010)
ROPERS, MAJESKI, KOHN & BENTLEY
201 Spear Street, Suite 1000
San Francisco, CA 94105
Telephone: (415) 543-4800
Facsimile: (415) 972-6301
Email:    gweickhardt@rmkb.com
          wkrog@rmkb.com

Attorneys for Defendant
CHASE BANK USA, N.A.

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRGILIO ESCAMILLA,<br><br>Plaintiff,<br><br>v.<br><br>CHASE BANK USA, N.A.,<br><br>and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. 08 CV 1536 JM WMC<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS [FED. R. CIV. P. 12(b)(6) AND TO STRIKE [FED. R. CIV. P. 12(f)]**<br><br>**Date:        October 17, 2008**<br>**Time:        1:30 p.m.**<br>**Courtroom:    16**<br>**Judge:    The Hon. Jeffrey T. Miller** |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

RC1/5177851.1/WK1

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ..................................................................................................1

II.    FACTS ALLEGED ...............................................................................................1

III.   CAUSES OF ACTION ALLEGED ......................................................................2

IV.    CHASE IS NOT A "DEBT COLLECTOR" FOR PURPOSES OF THE
       FEDERAL FDCPA ...............................................................................................2

V.     "STATEMENTS OF ACCOUNT" DO NOT CONSTITUTE PROHIBITED
       COMMUNICATIONS UNDER THE ROSENTHAL FAIR DEBT COLLECTION
       PRACTICES ACT .................................................................................................3

VI.    PLAINTIFF'S THIRD CAUSE OF ACTION FOR "INVASION OF PRIVACY
       (INTRUSION UPON SECLUSION)" FAILS TO STATE A CLAIM UPON
       WHICH RELIEF CAN BE GRANTED ................................................................4

       A.     Chase's Alleged Communications Do Not Constitute Intrusions Into
              Plaintiff's Private Place, Conversation, or Matter .................................6

       B.     Chase's Alleged Communications Do Not Constitute "Highly Offensive"
              Intrusions ................................................................................................8

VII.   PLAINTIFF'S FOURTH CAUSE OF ACTION FOR TORT IN SE SHOULD BE
       STRICKEN TO THE EXTENT IT FAILS TO ALLEGE VIOLATION OF A
       STATUTORY DUTY OWED ...............................................................................10

       A.     Plaintiff's Claims for Violations of the Federal FDCPA Fail ..............10

       B.     Plaintiff's Claims for Violations of the California FDCPA Fail to the
              Extent They Rely on the Billing Statements Sent to Plaintiff .............10

       C.     Plaintiff's Claim for Violation of California Civil Code § 43 and § 1708............11

VIII.  PLAINTIFF'S PRAYER FOR PUNITIVE DAMAGES SHOULD BE
       STRICKEN ...........................................................................................................11

IX.    CONCLUSION .....................................................................................................12

i

1

**TABLE OF AUTHORITIES**

2

**Page**

3

**FEDERAL CASES**

4

*Aubert v. American General Finance*, 137 F.3d 976 (7th Cir. 1998) ............................................3

5

*McGuire v. Citicorp Retail Services*, 147 F.3d 232 (2d Cir. 1998) ............................................3

6

7

**STATE CASES**

8

*De May v. Roberts*, 46 Mich. 160 (1881) ...........................................................................7

9

*Miller v. National Broadcasting Co.*, 187 Cal. App. 3d 1463 (1986)............................ 6, 7, 8, 10

10

*Sanchez-Scott v. Alza Pharmaceuticals*, 86 Cal. App. 4th 365 (2001) .........................................9

11

*Sanders v. American Broadcasting Co.*, 20 Cal. 4th 907 (1999)................................................5

12

*Shulman v. Group W Productions*, 18 Cal. 4th 200 (Cal. 1998) ......................................7, 8, 10

13

*Vescovo v. New Way Enterprises, Ltd.*, 60 Cal. App. 3d 582 (1976) .....................................9, 10

14

*Noble v. Sears, Roebuck & Co.*, 33 Cal. App. 3d 654 (1973) .......................................................7

15

16

**FEDERAL STATUTES**

17

15 U.S.C. § 1692(b)(6)............................................................................................................2, 5

18

15 U.S.C. § 1692a(6)..................................................................................................................3

19

Fed. R. Civ. P. 12(b)(6) .............................................................................................................1

20

15 U.S.C. § 1692 .....................................................................................................................1, 5

21

15 U.S.C. § 1692(c) ....................................................................................................................6

22

23

**STATE STATUTES**

24

Cal. Civ. Code § 43 ........................................................................................................ 2, 10, 11

25

Cal. Civ. Code § 1708 ........................................................................................2, 6, 10, 11, 14, 15

26

Cal. Civ. Code § 1788.14 .......................................................................................................3, 4

27

Cal. Civ. Code § 1788.14(c) ......................................................................................................2

28

Cal. Civ. Code § 1788.17 ...........................................................................................................2

**TABLE OF AUTHORITIES (CONT'D)**

**Page**

Cal. Civ. Code § 1788.32 ........................................................................................12

Cal. Civ. Code § 1788 ..................................................................................... 1, 5, 7

Cal. Civ. Code § 1788.30(b) ........................................................................................1

**BOOKS AND TREATISES**

5 Witkin, Summary of California Law (10th ed. 2005), *Torts*, § 658 ....................................... 5-8

I.     **INTRODUCTION**

The complaint of plaintiff Virgilio Escamilla alleges that defendant Chase Bank USA, N.A. violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, et seq., and the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq., and committed the tort of invasion of privacy.  Plaintiff alleges that Chase communicated with plaintiff to collect a debt after it had been advised that plaintiff was represented by counsel, that plaintiff was seeking bankruptcy protection, and that Chase was thus to cease and desist from all communications with plaintiff.  Plaintiff bases his allegations on four billing statements mailed to plaintiff, six telephone calls,[1] and four letters sent to plaintiff with regard to the debt on his Chase credit card accounts.

Chase moves to dismiss the Federal FDCPA claim on the ground that  Chase is not a "debt collector" under the Federal FDCPA.

Chase moves to strike the California FDCPA claim to the extent it is based on billing statements.  The statute explicitly exempts billing statements.

Chase also moves to dismiss plaintiff's claim for the tort of invasion of privacy (intrusion upon seclusion) on the ground that it fails to plead the elements of intrusion into a private place and highly offensive conduct.

Chase also moves to strike plaintiff's claim for tort in se to the extent it is based on any of the foregoing allegations.

Finally, plaintiff has failed to state a claim for which punitive damages are available and plaintiff's prayer for $515,480.00 in punitive damages should be stricken.

II.     **FACTS ALLEGED**

Plaintiff incurred debt on credit card accounts issued to him by Chase, account number ending 3626 and account number ending 6421.

Plaintiff's complaint alleges that on January 10, 2008, he retained counsel, Doan, Levinson, & Liljegren, LLP, to assist him with obtaining bankruptcy protection and stopping

Ropers Majeski Kohn & Bentley
A Professional  Corporation
San Francisco

---

[1] Plaintiff's summary of the alleged violations (complaint, p. 7) alleges eight telephone calls.  However, the log attached as Exhibit B to the complaint records six calls.

1    communications from his creditors.

2    According to the complaint, on January 11, 2008 and March 18, 2008, plaintiff's counsel

3    sent "Cease and Desist Orders" (Exhibit A to the complaint) to Chase which advised that plaintiff

4    was represented by counsel, disputed the validity of the debt, and refused to pay.  The letters

5    ordered Chase to cease all communications with plaintiff.

6    The complaint further alleges that Chase contacted plaintiff, through billing statements,

7    letters, and telephone calls, after it received the "Cease and Desist Orders" from plaintiff's

8    counsel.

9    **III.    CAUSES OF ACTION ALLEGED**

10    Plaintiff's first cause of action alleges that Chase violated Cal. Civ. Code § 1788.17 and

11    15 U.S.C. §§ 1692(b)(6) and 1692(c)c by communicating with plaintiff after it had allegedly been

12    notified to cease and desist further communications with plaintiff.

13    Plaintiff's second cause of action alleges that Chase violated Cal. Civ. Code § 1788.14(c)

14    by contacting and harassing plaintiff after being notified of attorney representation.

15    Plaintiff's third cause of action alleges "invasion of privacy (intrusion upon seclusion)"

16    based on the allegation that the billing statements, letters and telephone calls intruded upon

17    Plaintiff's privacy.

18    Plaintiff's fourth cause of action alleges tort in se based on Chase's alleged statutory

19    violations of the California FDCPA, the Federal FDCPA, Cal. Civ. Code § 1708, and Cal. Civ.

20    Code § 43.

21    **IV.    CHASE IS NOT A "DEBT COLLECTOR" FOR PURPOSES OF THE FEDERAL**
22    **FDCPA.  THEREFORE, THE FEDERAL FDCPA CLAIM IS INVALID ON ITS**
      **FACE**

23    In its first cause of action, the complaint alleges that Chase violated the Federal FDCPA

24    "since it contacted and harassed ESCAMILLA after being directly notified of attorney

25    representation."  Complaint, ¶¶ 43 and 45.  Additionally, plaintiff's fourth cause of action for tort

26    in se relies, in part, on Chase's alleged violations of the Federal FDCPA.  See ¶ 62.

27    Because Chase was admittedly attempting to collect a debt that was owed to it versus to a

28    third party, it is not a "debt collector" within the meaning of the federal statute.  The term "debt

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

1    collector" is defined in 15 U.S.C. § 1692a(6) as:

2          … any person who uses any instrumentality of interstate commerce
3          or the mails in any business the principal purpose of which is the
           collection of any debts, or who regularly collects or attempts to
           collect, directly or indirectly, debts owed, due or asserted to be
4          **owed or due another.**

5    (Emphasis added).

6          The reference to debts due "another" has been held to exempt from the FDCPA an entity

7    attempting to collect a debt owing to itself. *Aubert v. American Gen. Finance*, 137 F.3d 976, 978

8    (7th Cir. 1998) ["Creditors who collect in their own name and whose principal business is not

9    debt collection, therefore, are not subject to the Act. This is consistent with the FDCPA's stated

10   purpose of 'eliminating abusive debt collection practices by debt collectors.'" (citation omitted)];

11   *McGuire v. Citicorp Retail Services*, 147 F.3d 232, 235 (2d Cir. 1998 ["As a general matter,

12   creditors are not subject to the FDCPA."]. Because Chase is not a debt collector, there can be no

13   violation of the Federal Act and the Federal FDCPA cause of action should be dismissed in its

14   entirety.

15   **V.    "STATEMENTS OF ACCOUNT" DO NOT CONSTITUTE PROHIBITED
16          COMMUNICATIONS UNDER THE ROSENTHAL FAIR DEBT COLLECTION
             PRACTICES ACT**

17         The complaint, at page 7, summarizes the "contact violations," which include billing

18   statements sent on January 7, 2008, January 25, 2008, February 7, 2008, and February 25, 2008.

19   The billing statements at issue are attached to the complaint, and are attached hereto as Exhibit A.

20   Such billing statements are explicitly exempted from the RFDCPA, California Civil Code,

21   § 1788.14, which provides:

22         No debt collector shall collect or attempt to collect a consumer debt
           by means of . . .
23
24         (c)    Initiating communications, **other than statements of
           account,** with the debtor with regard to the consumer debt, when
25         the debt collector has been previously notified in writing by the
           debtor's attorney that the debtor is represented by such attorney
26         with respect to the debt . . . and a request by such attorney that all
           communications regarding the consumer debt be addressed to such
27         attorney . . . .

28   (Emphasis added).

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

The definition of a statement of account is set forth in California Civil Code § 1810.3.  It is clear, not only from the face of the statements of account attached to plaintiff's complaint and styled "Statement for account number [account number]," but also from the provision of the statute, that the statements which Chase sent plaintiff are "statements of account" within the meaning of § 1810.3 and that such statements may be sent to a debtor even after notification that a debtor is represented by counsel with respect to the debt.

In other words, the RFDCPA explicitly exempts statements of accounts, such as the type of statement of account Chase sent to plaintiff, from the communications prohibited under Civil Code § 1788.14.

The Truth-in-Lending Act § 1637 also governs "open end consumer credit plans,"[2] such as the credit card account plaintiff had with Chase.  Section 1637(b) requires that:

> The creditor of any account under an open end consumer credit plan shall transmit to the obligor, for each billing cycle at the end of which there is an outstanding balance in that account or with respect to which a finance charge is imposed, a statement setting forth [certain information about the account, including the outstanding balance on the account, the amount and date of each extension of credit during the period, the amount the total amount (???) credited to the account, and other information as set forth in the subsection].

Here, as can be seen on the face of the billing statements, plaintiff had outstanding balances due on both accounts.  Chase was thus required by law to provide plaintiff with the statements of account as set forth in TILA, § 1637(b).

Therefore, to the extent that plaintiff is relying on the billing statements for a violation of the California FDCPA, plaintiff's complaint should be dismissed with prejudice on the ground that it fails to state a claim for relief..

## VI.    PLAINTIFF'S THIRD CAUSE OF ACTION FOR "INVASION OF PRIVACY (INTRUSION UPON SECLUSION)" FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Plaintiff's third cause of action for "Invasion of Privacy (Intrusion Upon Seclusion)"

---

[2] "The term 'open end credit plan' means a plan under which the creditor reasonably contemplates repeated transactions, which prescribes the terms of such transactions, and which provides for a finance charge which may be computed from time to time on the outstanding unpaid balance . . . ."  TILA, § 1602(i).

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

1    alleges that by calling plaintiff and mailing letters and statements to plaintiff regarding the credit

2    card accounts, Chase intruded and invaded plaintiff's privacy "in such a way that would be highly

3    offensive to reasonable persons in that position." Complaint, ¶ 60. However, plaintiff has failed

4    to allege the elements necessary for the tort of intrusion upon or invasion of privacy.

5        "One who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of

6    another or his private affairs or concerns, is subject to liability to the other for invasion of privacy,

7    if the intrusion would be highly offensive to a reasonable person." 5 WITKIN, SUMMARY OF

8    CALIFORNIA LAW (10th ed. 2005), *Torts*, § 658, p. 963, citing to the Rest. 2d, Torts § 652B. In

9    other words, in order to claim intrusion into private affairs, plaintiff must allege (1) that defendant

10   intruded into a private place, conversation, or matter, and (2) that the intrusion would be highly

11   offensive to a reasonable person. *See, e.g., Sanders v. American Broadcasting Co.*, 20 Cal. 4th

12   907 (1999).

13       Plaintiff's complaint alleges that over a period of three and a half months, Chase contacted

14   plaintiff regarding his credit card account sixteen times. Four of those contacts were in the form

15   of billing statements, which, as stated above, are explicitly exempted from the types of

16   communications considered harassing under the California FDCPA. The other contacts consist of

17   four letters and six telephone calls to plaintiff by Chase. The letters are attached as Exhibit B to

18   plaintiff's complaint. Three of the four letters are in Spanish. The fourth letter, sent on April 16,

19   2008 (and attached hereto as Exhibit B), simply advised plaintiff that due to his failure to pay the

20   balance due on his accounts, Chase was instructed to file suit and that a negative credit report

21   may be submitted to a credit reporting agency. The letter also advised plaintiff as to additional

22   costs which could be incurred on the debts. The final paragraph of the letter reads:

23           However, to avoid the unnecessary progression of the lawsuit to
             judgment and eventually wage garnishment, please contact one of
24           my legal assistants immediately for repayment options at the
             number indicated above upon receipt of this letter. Thank you for
25           your attention to this matter.

26       Plaintiff also attaches to the complaint a "communications log" setting forth the substance

27   of the telephone calls plaintiff allegedly received from Chase. The logs are attached hereto as

28   Exhibit C. The logs are somewhat illegible, but appear to describe the telephone calls as follows:

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

| Length of Call | Substance of call |
|---|---|
| 2 minutes | "When pay." |
| 3 minutes | "When pay." |
| 2 minutes | "When pay." |
| 2 minutes | "Ater colle any work" |
| 2 minutes | "Her want tak con Virgilio" |
| 2 minutes | "When pay" |

In other words, the substance of the calls was to ask plaintiff when he would pay and to have Virgilio contact Chase.

Plaintiff's entire claim for intrusion upon seclusion is thus based on billing statements, six unremarkable collection calls and four collection letters inquiring as to plaintiff's intentions to pay his credit card accounts pursuant to the agreement he entered into with Chase. These communications clearly do not constitute the "highly offensive intrusion" contemplated by the courts.

## A. Chase's Alleged Communications Do Not Constitute Intrusions Into Plaintiff's Private Place, Conversation, or Matter

Chase's letters and telephone calls do not meet the first element of an intrusion into private affairs claim. "To prove actionable intrusion, the plaintiff must show that the defendant penetrated some zone of physical or sensory privacy surrounding, or obtained unwanted access to data about, the plaintiff." WITKIN, at 964 (emphasis added). It is plain from the case law that placing a telephone call or mailing a letter is not an intrusion into some zone of privacy.

Most of the cases involve an actual physical intrusion into a zone of privacy. For example, in *Miller v. National Broadcasting Co.*, 187 Cal. App. 3d 1463 (1986), an NBC news field producer, along with his camera crew, entered private homes with a unit of paramedics and filmed the paramedics' activities. Holding that the plaintiff had a cause of action for breach of privacy, the court noted, "reasonable people could regard the NBC camera crew's intrusion into Dave Miller's bedroom at a time of vulnerability and confusion occasioned by his seizure as 'highly offensive' conduct, thus meeting the limitation on a privacy cause of action Restatement

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

1  of Torts, section 652B imposes." *Id.* at 1483.

2      The *Miller* court also cited *De May v. Roberts*, 46 Mich. 160 (1881):

3          One of the early cases in this country … awarded damages against a
           person who **intruded into a place** where a woman was giving birth
4          to a child ([9 N.W. 146]). That was considered "highly offensive."

5  *Miller*, at 1483 (emphasis added).

6      Likewise, in *Noble v. Sears, Roebuck & Co.*, 33 Cal. App. 3d 654 (1973), a private

7  investigating firm was hired to help assist with the defense of a personal injury action.  In an

8  effort to obtain information from plaintiff, an investigator gained admittance to a hospital room

9  where plaintiff was confined, and by deception, obtained the information.  Based, in part, on the

10  investigator's intrusion into plaintiff's hospital room, the court held that that plaintiff had alleged

11  a cause of action for a violation of her right to privacy, because plaintiff could assert an argument

12  that she had an exclusive right of occupancy to her hospital room.  *Id.* at 272-73.

13      In *Shulman v. Group W Productions*, 18 Cal. 4th 200 (Cal. 1998), a rescue helicopter

14  containing a nurse equipped with a microphone and a cameraman employed by the defendant TV

15  station was sent to the scene of plaintiffs' accident.  Footage of the accident was later broadcast.

16  In reversing summary judgment for defendants on a claim of intrusion, the court stated that the

17  tort of intrusion "encompasses unconsented-to physical intrusion into the home, hospital room or

18  other place the privacy of which is legally recognized, as well as unwarranted sensory intrusions

19  such as eavesdropping, wiretapping, and visual or photographic spying."  *Id.* at 230-31.

20      WITKIN, at 964 also cites shadowing and trailing, use of internet cookies and other

21  "spyware," HIV testing without consent, a retailer's surveillance of fitting or dressing rooms, and

22  eavesdropping on telephones as examples of actionable intrusion.  *Id.*

23      Each and every example set forth above involves some type of physical or electronic

24  intrusion clearly distinguishable from the instant case.  Whether defendants were intruding on

25  plaintiff's hospital room or private home, intruding into an accident scene and videotaping

26  plaintiffs, intruding into plaintiff's privacy through the use of plaintiff's internet cookies, or

27  intruding by eavesdropping into plaintiff's conversations, the cases all involve some intrusion into

28  a private space or zone.  Here, plaintiff's sole contention is that Chase made telephone calls

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

asking when plaintiff was going to pay, and sent mail to plaintiff regarding his credit card accounts.  No case has ever held that a mailbox or telephone line is a private place protected from intrusion.  Indeed, when one erects a mailbox in front of one's house one is inviting mail, even if unsolicited.  It is, moreover, the Postal Service and not Chase that actually places the mail in the mail box.  Moreover, there is nothing surreptitious or deceitful about Chase's communications with plaintiff.  Thus, the allegation fall far short of the "unwarranted sensory intrusion," which, as explained by the *Shulman* court, would involve such activity as "eavesdropping, wiretapping, and visual or photographic spying."  *Schulman*, at 230-31.

Thus, the telephone calls and letters plaintiff allegedly received from Chase clearly do not constitute an intrusion into private place, conversation, or matter sufficient to meet the first element of a tort for intrusion into privacy.

### B.   Chase's Alleged Communications Do Not Constitute "Highly Offensive" Intrusions

Plaintiff has also failed to meet the second requirement  that the intrusion must be highly offensive to a reasonable person.  WITKIN, at p. 963.  "A court determining the existence of 'offensiveness' would consider the degree of intrusion, the context, conduct and circumstances surrounding the intrusion as well as the intruder's motives and objectives, the setting into which he intrudes, and the expectations of those whose privacy is invaded."  *Miller*, at 1483.  Here, the Court has before it the content of the communications alleged, which, on their face, are not offensive.

The type of conduct that is regarded as highly offensive is well-described in the cases.  As noted in the previous section, the *Miller* court held that reasonable people could regard the camera crew's intrusion into a private bedroom as "highly offensive."  *Id.* at 1484.

Similarly, in *Shulman*, the conduct complained of was the recording of accident scenes including conversations between the nurse and the accident victims, and the later broadcasting of footage, all without the consent of the accident victims.  In analyzing the offensiveness prong of an intrusion claim, the court held that a jury could find that a person who recorded a conversation "with a distressed, disoriented and severely injured patient, without the patient's knowledge or

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

1    consent, acted with highly offensive disrespect for the patient's personal privacy …." *Id.* at 238.

2    Likewise, in *Sanchez-Scott v. Alza Pharmaceuticals*, 86 Cal. App. 4th 365 (2001), a

3    doctor's breast examination of a patient in front of a drug salesperson was an intrusion into

4    private affairs, where the salesperson was introduced as "someone observing physician's work",

5    and his true identity was not revealed to the plaintiff prior to the examination.

6    In *Vescovo v. New Way Enterprises, Ltd.*, 60 Cal. App. 3d 582 (1976), plaintiffs sued

7    defendants for the advertisement they published describing plaintiff: "Hot Lips -- Deep Throat

8    Sexy young bored housewife Norma -- [plaintiffs' address]" and giving her first name and

9    address. *Id.* at 585. As a result of the advertisement, plaintiffs alleged that they were harassed,

10   annoyed, and frightened by numerous persons coming to plaintiffs' residence in response to the

11   advertisement. *Id.* The court found that plaintiff had stated a cause of action for intrusion by

12   alleging that defendants had published an advertisement "'with intent and design to injure,

13   disgrace and aggrieve plaintiff Frankie Renee Vescovo and disregarding the comfort of said

14   plaintiff's life and the peace and tranquility of her mind, and to invade and impair the seclusion of

15   said plaintiff's private life …'" *Id.* at 587.

16   The types of behavior which the courts find to be "highly offensive" for purposes of an

17   intrusion claim are clearly distinguishable from the present case. The Court has before it the

18   letters which were sent to plaintiff and the communication logs setting forth the substance of the

19   2-3 minute telephone calls. As can be seen from the face of those communications, there is

20   nothing contained in them that a reasonable person would find "offensive" under the

21   circumstances. Instead, the communications did nothing more than inquire as to when plaintiff

22   would make the agreed upon payments on his credit card accounts, and to advise plaintiff of the

23   necessary actions being taken with regard to the delinquent accounts. The communication logs

24   are clear on their face that Chase did nothing more than inquire as to "when [plaintiff would]

25   pay," as well as stating that Chase needed to speak to plaintiff. There is nothing to indicate that

26   any of the communications were less than professional or courteous, and it is clear from the face

27   of the communications that their sole purpose was to reach a resolution of plaintiff's credit card

28   debt.

RC1/5177851.1/WK1                                    - 9 -

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

As is obvious from the face of the communications, there is absolutely nothing in the letters or communication logs which constitute a "cavalier disregard for ordinary citizens' rights of privacy" (*Miller*, at 1484), a disrespect for plaintiff's privacy (*Schulman*, at 238), or a disregard for the comfort of plaintiff's life and peace of mind (*Vescovo*, at 587).

Thus, sending letters and telephone calls to a cardmember with regard to the credit card account the cardmember entered into clearly does not constitute the type of intrusion which would be highly offensive to a reasonable person.

Because the facts alleged simply fail to establish the two elements of an intrusion tort, plaintiff's third cause of action fails to state a claim upon which relief can be granted, and should be dismissed.

## VII.    PLAINTIFF'S FOURTH CAUSE OF ACTION FOR TORT IN SE SHOULD BE STRICKEN TO THE EXTENT IT FAILS TO ALLEGE VIOLATION OF A STATUTORY DUTY OWED

Plaintiff's fourth cause of action alleges that Chase violated the statutory duty under the doctrine of tort in se in that it "engaged in an unlawful course of conduct in violations of the FDCPA, RFDCPA, California Civil Code Section §1708, California Civil Code Section §43." Complaint, ¶ 62.  To the extent that plaintiff has failed to allege violation of a statutory duty owed to him under the FDCPA, RFDCPA, or California Civil Code § 43 and § 1708, his fourth cause of action should be stricken.

### A.    Plaintiff's Claims for Violations of the Federal FDCPA Fail

As stated above, plaintiff's tort in se claim fails to the extent it relies on alleged violations of the Federal FDCPA, because Chase does not meet the definition of "debt collector" under the FDCPA.

### B.    Plaintiff's Claims for Violations of the California FDCPA Fail to the Extent They Rely on the Billing Statements Sent to Plaintiff

Again, as stated above, the billing statements are specifically exempted from communications considered harassing under the California FDCPA.  Therefore, insofar as plaintiff's tort in se relies on the billing statements, plaintiff's claim fails.

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

RC1/5177851.1/WK1

- 10 -

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

## C.    Plaintiff's Claim for Violation of California Civil Code § 43 and § 1708

Cal. Civ. Code § 43 states in pertinent part:  "Every person has, subject to the qualifications and restrictions provided by law, the right of protection from bodily restraint or harm, from personal insult, from defamation, and from injury to his personal relations."  Plaintiff, however, has failed to allege any insults, defamation or injury to his personal relations.

Cal. Civ. Code § 1708 states:  "Every person is bound, without contract, to abstain from injuring the person or property of another, or infringing upon any of his or her rights."  No injury to person or property is alleged.

The only remaining allegation for which plaintiff has arguably stated a cause of action for a statutory violation is the alleged violation of the California FDCPA (except insofar as it relies on the billing statements).

Therefore, plaintiff's fourth cause of action should be stricken to the extent that it relies on statutes for which he has failed to state a cause of action.

## VIII.    PLAINTIFF'S PRAYER FOR PUNITIVE DAMAGES SHOULD BE STRICKEN

Plaintiff prays for punitive damages totaling $514,480.00 for his tort claims of intrusion and tort in se.  As stated above, plaintiff's Federal FDCPA claim and intrusion claim do not lie.  Therefore, plaintiff's claim for punitive damages rests solely on the alleged violations of the California FDCPA.

While the California FDCPA remedies are intended to be cumulative with remedies under other provisions of law (Cal. Civ. Code § 1788.32), plaintiff's tort in se claim has not successfully alleged a violation of another provision of law.  In other words, his tort in se claim is based solely on the alleged California FDCPA violation.

Punitive damages may not be recovered under the California FDCPA.  Section 1788.30(b) sets forth the damages allowed for a violation of the California FDCPA.  Section 1788.30(b) only allows for recovery of actual damages, with an additional penalty for willful and knowing violations of not less than one hundred dollars and not greater than one thousand dollars.  Because punitive damages are not listed in this statute, it is clear that they may not be recovered under the California FDCPA.

1    Finally, the tort in se claim is essentially a negligence per se claim based on statutory

2  violations and punitive damages may not be recovered for negligence.

3    Because plaintiff has failed to allege claims under the Federal FDCPA and the intrusion

4  tort, and because plaintiff is not allowed to recover for punitive damages under the California

5  FDCPA or for negligence per se, plaintiff's claim for punitive damages should be stricken.

6  **IX.    CONCLUSION**

7    For the foregoing reasons, Chase respectfully requests that:

8    1.    Plaintiff's first cause of action for violations of the Federal FDCPA be dismissed

9  with prejudice;

10    2.    Plaintiff's second cause of action for violations of the California FDCPA be

11  stricken insofar as it relies on the billing statements sent to plaintiff;

12    3.    Plaintiff's third cause of action for intrusion upon seclusion be dismissed with

13  prejudice;

14    4.    Plaintiff's fourth cause of action for tort in se be stricken insofar as it relies on

15  violations of the Federal FDCPA and the billing statements; and

16    3.    Plaintiff's claim for punitive damages in the amount of $415,480.00 be stricken.

17

18  Dated: September 5, 2008                    Respectfully submitted,

19                                             ROPERS, MAJESKI, KOHN & BENTLEY

20

21                                             By: /s/ Wendy C. Krog
                                               _____
22                                             GEORGE G. WEICKHARDT
                                               WENDY C. KROG
23                                             Attorneys for Defendants
                                               CHASE BANK USA, N.A.

24

25

26

27

28

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

RC1/5177851.1/WK1                    - 12 -

# EXHIBIT A

 CHASE

| Fecha de Apertura | 12/08/07 |
| Fecha de Corte | 01/07/08 |
| Fecha de Vencim. del Pago | 01/27/08 |
| Cantidad Minima a Pagar | $99.00 |

**SERVICIO AL CLIENTE**
Español          1-866-445-3306
En los EE.UU  1-800-945-2000
TDD              1-800-955-8060
Pago Por Tel  1-800-436-7958
Fuera de EE.UU  llame a cobro
revertido      1-302-594-8200

## RESUMEN DE CUENTA VISA

Número de Cuenta: 4266 8411 0844 5733

| | | | |
|---|---|---|---|
| Saldo Anterior | $5,082.85 | Línea de Crédito Total | $5,500 |
| Pagos, Créditos | -$101.00 | Crédito Disponible | $518 |
| Nuevo Saldo | $4,981.85 | Línea de Acceso a Efectivo | $1,100 |
| | | Disponible para Efectivo | $518 |

**PREGUNTAS SOBRE
LA CUENTA**
P.O. Box 15298
Wilmington, DE 19850-5298

**ENVIAR PAGO A**
P.O. Box 94014
Palatine, IL  60094-4014

**VISITENOS EN:**
www.chase.com/creditcards

## RESUMEN DE RECOMPENSAS DE FLEXIBLE REWARDS

| | |
|---|---|
| Saldo anterior de puntos | 4,889 |
| Puntos acum. por compras en este período | 0 |
| Nuevo saldo total de puntos | 4,889 |

547 Los puntos caducarán el primer día de SEPTIEMBRE, 2011

Para redimir su puntos Flexible Rewards  llame
al 1-800-603-2265* o visite a
www.chase.com/creditcards para tener acceso
las 24 horas a su programa de recompensas
*Por favor, observe que algunos números
telefónicos, sitios web y servicios no se
encuentran actualmente disponibles en español

## TRANSACCIONES

| Fecha de Transac; Número de Referencia | Nombre del Comerciante o Descripción de la Transacción | Cantidad Crédito | Débito |
|---|---|---|---|
| 12/28 1357357030000048886 0718 | Payment Thank You Electronic Chk | $101.00 | |

## CARGOS FINANCIEROS  ("CARGOS FINANC.")

| Categoría | Tasa periódica diaria 31 días en el ciclo | APR Corresp. | Saldo Diario Promedio | Cargo Financ. Deb. a la Tasa Períod. | Cargo por Transacción | Cargo financ. Acum. | CARGOS FINANC. |
|---|---|---|---|---|---|---|---|
| Compras: | .00000% | 0.00% | $3,736.72 | $0.00 | $0.00 | $0.00 | $0.00 |
| Adelantos de efectivo | V .06357% | 23.24% | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Transf. de saldo | .00000% | 0.00% | $1,294.00 | $0.00 | $0.00 | $0.00 | $0.00 |

Total de Cargos Financieros                                                                                           $0.00

APR Efectiva:                    0.00%

Por favor vea la información sobre su cuenta para el método de cómputo del balance, el período de gracia, y otra información
importante.
La APR Correspondiente es la tasa de interés que usted paga cuando tiene un saldo en cualquier tipo de transacción
La APR Efectiva representa el total de cargos financieros, incluidos los cargos de transacciones tales
como adelantos en efectivo y transferencias de saldo, expresados en forma porcentual

Estado de cuenta para    4266 8410 3626 6862

| Nuevo Saldo | Fecha de Vencim. del Pago | Cant. Atrasada a Pagar | Pago Minimo | CHASE |
|---|---|---|---|---|
| $3,178.61 | /08 | $0.00 | $63.00 | |

Cantidad Adjunta    $

Haga su cheque a nombre de Chase Card Services
¿Nueva dirección o correo electrónico? Anótelo con letra de imprenta al reverso

4266841036266862000063000031786100000005

62318 MEX 2 00808 D
VIRGILIO C ESCAMILLA
4305 SIERRA MORENA AVE
CARLSBAD CA 92010-2030

CARDMEMBER SERVICE
PO BOX 94014
PALATINE IL 60094-4014

⑆5000160 28⑆ 2031036 2668 623⑈

**CHASE**

| | |
|---|---|
| Fecha de Apertura | 12/26/07 |
| Fecha de Corte | 01/25/08 |
| Fecha de Vencim. del Pago | 02/19/08 |
| Cantidad Minima a Pagar | $63.00 |

SERVICIO AL CLIENTE
Español                1-888-446-3308
En los EE.UU. 1-800-945-2000
TDD                      1-800-955-8060
Pago Por Tel     1-800-436-7958
Fuera de EE.UU., llame a cobro
revertido                1-302-594-8200

### RESUMEN DE CUENTA VISA

Número de Cuenta: 4266 8410 3626 6862

| | | | |
|---|---|---|---|
| Saldo Anterior | $2,974.17 | Linea de Crédito Total | $3,500 |
| Pagos, Créditos | -$81.54 | Crédito Disponible | $321 |
| Compras, Efectivo, Débitos | +$267.76 | Linea de Acceso a Efectivo | $3,500 |
| Cargos Financieros | +$18.22 | Disponible para Efectivo | $321 |
| Nuevo Saldo | $3,178.61 | | |

PREGUNTAS SOBRE
LA CUENTA
P.O. Box 15298
Wilmington, DE 19850-5298

ENVIAR PAGO A
P.O. Box 94014
Palatine, IL  60094-4014

VISITENOS EN:
www.chase.com/creditcards

### TRANSACCIONES

| Fecha de Transac. Número de Referencia | Nombre del Comerciante o Descripción de la Transacción | Credito | Débito |
|---|---|---|---|
| 12/24 2416407735929901 1981664 | VONS     Store00021428 CARLSBAD CA | | $60.00 |
| 12/24 2479262735967500 0562492 | VICTORIA'S SECRET 0414 CARLSBAD CA | | 42.56 |
| 12/24 2444500735911970 5109851 | CVSPHARMACY #9479  Q03 CARLSBAD CA | | 18.57 |
| 12/29 2424651736566703 3315054 | REEBOK FCTRY DIRECT #114 CARLSBAD CA | | 32.22 |
| 12/31 2429916735904684 333379 | JCPENNEY STORE 0566 CARLSBAD CA | | 14.00 |
| 12/30 2441800736536514 9159300 | GAP OUTLET #7780 NEWPORT BEACH CA | | 21.54 |
| 12/31 2444500800112843 5891720 | VALU PLUS #25    SAZ OCEANSIDE CA | | 35.66 |
| 12/31 2479262800026750 0060171 | VICTORIA'S SECRET 0414 CARLSBAD CA | | 26.67 |
| 01/03 2441800800404040 49738609 | GAP OUTLET #7780 NEWPORT BEACH CA | | 21.54 |
| 01/05 1005005030000059 6242436 | Payment Thank You Electronic Chk | 60.00 | |
| 01/08 7441800800909040 210706 | GAP OUTLET #7780 NEWPORT BEACH CA | 21.54 | |

### CARGOS FINANCIEROS ("CARGOS FINANC.")

| Categoria | Tasa periódica diaria 31 dias en el ciclo | APR Corresp | Saldo Diario Promedio | Cargo Financ. Deb a la Tasa Periód. | Cargo por Transacción | Cargo financ. Acum | CARGOS FINANC. |
|---|---|---|---|---|---|---|---|
| Compras | .02189% | 7.99% | $2,519.28 | $17.10 | $0.00 | $0.00 | $17.10 |
| Adelantos de efectivo  V | .05751% | 20.99% | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Resumen promocional | .00545% | 1.99% | $562.01 | $1.12 | $0.00 | $0.00 | $1.12 |

Total de Cargos Financieros                                                                $18.22

APR Efectiva:                          6.87%

Estado de cuenta para #: 4266 8411 0844 5733

| Nuevo Saldo | Fecha de Vencim. de | Cant. Atrasada a Pagar | Pago Mínimo |
|---|---|---|---|
| $5,106.38 | 02  08 | $99.00 | $274.00 |

CHASE

Cantidad Adjunta  | $

Haga su cheque a nombre de Chase Card Services
¿Nueva dirección o correo electrónico? Anótelo con letra de imprenta al reverso

426684510844573300027400051063800000008

22457 BEX 2 03905 D
VIRGILIO ESCAMILLA
4305 SIERRA MORENA AVE
CARLSBAD CA 92010-2830

CARDMEMBER SERVICE
PO BOX 94014
PALATINE IL 60094-4014

C5000160280 2031108445733 7

CHASE

| Fecha de Apertura: | 01/08/08 |
|---|---|
| Fecha de Corte: | 02/07/08 |
| Fecha de Vencim. del Pago: | 02/27/08 |
| Cantidad Mínima a Pagar: | $274.00 |

**SERVICIO AL CLIENTE**
Español              1-888-446-3308
En los EE.UU.    1-800-945-2000
TDD                    1-800-955-8060
Pago Por Tel      1-800-436-7958
Fuera de EE.UU., llame a cobro
revertido            1-302-594-8200

**RESUMEN DE CUENTA VISA**          Número de Cuenta:  4266 8411 0844 5733

| Saldo Anterior | $4,981.85 | Línea de Crédito Total | $5,500 |
|---|---|---|---|
| Compras, Efectivo, Débitos | +$39.00 | Crédito Disponible | $393 |
| Cargos Financieros | +$85.53 | Línea de Acceso a Efectivo | $1,100 |
| Nuevo Saldo | $5,106.38 | Disponible para Efectivo | $0 |

**PREGUNTAS SOBRE LA CUENTA**
P.O. Box 15298
Wilmington, DE 19850-5298

**ENVIAR PAGO A**
P.O. Box 94014
Palatine, IL  60094-4014

**VISÍTENOS EN:**
www.chase.com/creditcards

La nueva de porcentaje anual (APR por sus siglas en inglés) y el vencimiento de la tasa promocional reflejados en este estado de cuenta es el resultado de un pago atrasado en su cuenta. Para su conveniencia, usted siempre puede pagar en línea a través de los servicios de nuestra página web mencionada en este estado de cuenta.

**RESUMEN DE RECOMPENSAS DE FLEXIBLE REWARDS**

| Saldo anterior de puntos | 4,889 |
|---|---|
| Puntos acum. por compras en este período | 0 |
| Nuevo saldo total de puntos | 4,889 |

547 Los puntos caducarán el primer día de SEPTIEMBRE, 2011

Para redimir su puntos Flexible Rewards, llame al 1-800-603-2265* o visite a www.chase.com/creditcards para tener acceso las 24 horas a su programa de recompensas. * Por favor, observe que algunos números telefónicos, sitios web y servicios no se encuentran actualmente disponibles en español

**TRANSACCIONES**

| Fecha de Transac. | Número de Referencia | Nombre del Comerciante o Descripción de la Transacción | Cantidad Crédito | Débito |
|---|---|---|---|---|
| 01/28 | | LATE FEE | | $39.00 |

**CARGOS FINANCIEROS  ("CARGOS FINANC.")**

| Categoría | Tasa periódica diaria 31 días en el ciclo Corresp. | APR | Saldo Diario Promedio | Cargo Financ. Deb. a la Tasa Period | Cargo por Transacción | Cargo financ. Acum. | CARGOS FINANC. |
|---|---|---|---|---|---|---|---|
| Compras | V .054777% | 19.99% | $2,732.17 | $53.37 | $0.00 | $0.00 | $53.37 |

Cardmember Service
P.O. Box 15548
Wilmington, DE 19886-5548



February 15, 2008

IIıIıIııIIIIıIıııIIıIııIIıIıIııIIııIıIIıI
0028 0A11 00101 0480S   NNNNNNNNNNNN
VIRGILIO ESCAMILLA
4305 SIERRA MORENA AVE
CARLSBAD CA  92010-2830

Número de cuenta que termina en: 5733
Cantidad por pagar: $274.00

*********************************************
Por favor, revise su cuenta ahora mismo.
Envíe su pago por correo o visítenos a
www.chase.com/creditcards
*********************************************

Estimado(a) VIRGILIO ESCAMILLA:

Como usted es un titular de la tarjeta valioso, le notifico sobre la oportunidad de evitar futuros cargos por pago atrasado y demás costos relacionados con la cuenta de su tarjeta de crédito

De conformidad con nuestros registros, existía un saldo atrasado para la fecha indicada arriba.

Es importante que usted lo verifique ahora mismo para asegurarse que su cuenta esté al día.  Si aún existe un saldo que todavía está atrasado, por favor pague ahora enviando su pago por correo a la dirección que se encuentra a continuación o visitándonos por Internet a  www.chase.com/creditcards.

Me gustaría aprovechar esta oportunidad para recalcarle cuán importante es  que pague sus tarjetas de crédito a tiempo. Esto le ayudará a mantener una buena calificación crediticia y puede ayudarle a ahorrar grandes gastos a largo plazo.

Usted puede evitar estos gastos adicionales al hacer sus pagos a tiempo.  Usted también puede considerar usar nuestro servicio de recordatorio por correo electrónico para ayudarle a asegurarse que sus pagos se hagan a tiempo.

Así que por favor, revise su cuenta ahora mismo y aún no ha pagado, por favor, pague ahora mismo.

Atentamente,

Rina Carroll
Customer Support Division
(División de apoyo al cliente)

Envíe su pago a.
Cardmember Service
P.O. Box 15548
Wilmington, DE  19886-5548

La cuenta es propiedad de Chase Bank, USA, N.A.
Las llamadas podrán supervisarse y/o grabarse para garantizar el máximo nivel de calidad en el servicio.

Estado de cuenta para #: 4266 8410 3626 6862

| Nuevo Saldo | Fecha de Vencim. del Pago | Cant. Atrasada a Pagar | Pago Mínimo |
|---|---|---|---|
| $3,299.77 | 0   08 | $63.00 | $217.00 |

**CHASE O**

Cantidad Adjunta    $ _____

Haga su cheque a nombre de: Chase Card Services
¿Nueva dirección o correo electrónico? Anótelo con
letra de imprenta al reverso.

4266841036266862000217000032997700000003

ENVIE DE: 2 65005 D
VIRGILIO C ESCAMILLA
4305 SIERRA MORENA AVE
CARLSBAD CA 92010-2830

CARDMEMBER SERVICE
PO BOX 94014
PALATINE IL 60094-4014

⑆5000160281⑆ ⑈031036266862⑈

**CHASE O**

| | |
|---|---|
| Fecha de Apertura | 01/26/08 |
| Fecha de Corte | 02/25/08 |
| Fecha de Vencim. del Pago | 03/21/08 |
| Cantidad Mínima a Pagar | $217.00 |

**SERVICIO AL CLIENTE**
| | |
|---|---|
| Español | 1-888-446-3308 |
| En los EE.UU. | 1-800-945-2000 |
| TDD | 1-800-955-8060 |
| Pago Por Tel. | 1-800-436-7958 |
| Fuera de EE.UU., llame a cobro revertido | 1-302-594-8200 |

**RESUMEN DE CUENTA VISA**     Número de Cuenta: 4266 8410 3626 6862

| | | | |
|---|---|---|---|
| Saldo Anterior | $3,178.61 | Línea de Crédito Total | $3,500 |
| Compras, Efectivo, Débitos | +$39.00 | Crédito Disponible | $200 |
| Cargos Financieros | +$82.16 | Línea de Acceso a Efectivo | $3,500 |
| Nuevo Saldo | $3,299.77 | Disponible para Efectivo | $0 |

**PREGUNTAS SOBRE LA CUENTA**
P.O. Box 15298
Wilmington, DE 19850-5298

**ENVIAR PAGO A**
P.O. Box 94014
Palatine, IL 60094-4014

**VISÍTENOS EN:**
www.chase.com/creditcards

La fecha de vencimiento de la tasa promocional reflejada en este estado de cuenta es el resultado de un pago atrasado efectuado durante el período de promoción en su cuenta. Para su conveniencia, usted siempre puede pagar en línea a través de los servicios de nuestra página web mencionada en este estado de cuenta.

Cardmember Service
P.O. Box 15548
Wilmington, DE 19886-5548



February 27, 2008



llulodllulllallulullulllullulllulllullulllal
08072-BAT 001 01 05806 - NNNNNNNNNNNNNNN
VIRGILIO ESCAMILLA
4305 SIERRA MORENA AVE
CARLSBAD CA 92010-2830

Número de cuenta que termina en: 5733
Cantidad por pagar: $274.00

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
POR FAVOR: Ayúdenos a
mantener abierta su cuenta.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Estimado(a) VIRGILIO ESCAMILLA:

Usted es un titular de tarjeta valioso, y deseamos ayudarle a mantener la cuenta de su tarjeta de crédito al día.

De conformidad con nuestros registros, existía un saldo atrasado para la fecha indicada arriba. Esto puede ocasionar que sus privilegios de utilización de su tarjeta sean suspendidos muy pronto, si ya no lo están. Para poner su cuenta al día y mantener todos sus privilegios de utilización de tarjeta, el pago tiene que ser enviado inmediatamente.

Usted también puede considerar usar nuestros servicio de recordatorio por correo electrónico para ayudarle a asegurarse que sus pagos se hagan a tiempo. O, si está experimentando problemas financieros en este momento, por favor infórmenos y podremos hacer arreglos especiales para usted.

Es fácil volver a poner su cuenta al día. Pero la falla continua en efectuar sus pagos traerá como consecuencia la revocación permanente de los privilegios de utilización de su tarjeta, el aumento de actividades de cobro y un daño en su calificación crediticia, lo cual puede dificultarle el solicitar un préstamo o financiar un auto o casa en el futuro.

Usted puede enviar su pago por correo a la dirección que se encuentra a continuación o visítenos por Internet a www.chase.com/creditcards para efectuar su pago y mantener su tarjeta abierta y trabajando para usted.

Atentamente,

Rina Canoli
Customer Support Division
(División de apoyo al cliente)

P.D.: Si ya ha efectuado su pago, se lo agradecemos. Si no está seguro si su cuenta está al día, si tiene alguna pregunta o necesita discutir alguna circunstancia especial, por favor llame al 1 877 638 1811.

Envíe su pago a:
Cardmember Service
P.O. Box 15548
Wilmington, DE 19886-5548

La cuenta es propiedad de Chase Bank, USA, N.A.
Las llamadas podrían supervisarse y/o grabarse para garantizar el máximo nivel de calidad en el servicio.

# EXHIBIT B

# JPMorganChase ⬤

300 S. Grand Avenue - 4th Floor
Los Angeles, CA 90071
Telephone No.: 213-621-8325
Fax No.: 213-621-8496

April 16, 2008

Virgilio Escamilla
4305 Sierra Morena Ave
Carlsbad , CA 92010-2830

RE:    CHASE BANK USA, N.A. Account No(s).
       4266841108445733 4266841036266862
       **Balance: $8,406.15**

Dear Virgilio Escamilla:

Due to your failure to pay the balance due on your account, we have been instructed to file suit against you. Additionally, as required by law, you are hereby notified that a negative credit report reflecting your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

Once a judgment is obtained, your income may be garnished and other personal property subject to levy may be seized to satisfy the judgment. If you own real property, liens could be placed thereon.

In addition to the $8,406.15 due on your account, the judgment may include costs of suit, interest and attorneys fees at the discretion of the court. You are hereby notified that, if the balance due on your account is less than $5,000.00, we opt not to use the small claims court and you could be liable for additional amounts of up to the costs of suit and, when allowed by law, attorneys' fees. Judgments can remain in your record for 10 years or longer.

Filing of the lawsuit is unavoidable. However, to avoid the unnecessary progression of the lawsuit to judgment and eventually wage garnishment, please contact one of my legal assistants immediately for repayment options at the number indicated above upon receipt of this letter. Thank you for your attention to this matter.

Very truly yours,

Shedrick O. Davis III
David B. Snyder
Arthur W. Shwachman
Huan T. Nguyen
Attorneys for Plaintiff
CHASE BANK USA, N.A.

# EXHIBIT C

| Date (MM/DD/YY) | Time (HH:MM AM) | How Many Times Did Call Last (Approx.) | Phone Call? Voice Mail? Letter? Paper Message? | Collector's Name? | Collection Agency Name and Telephone Number? | Demanded Payment? Harassment? Profanity? Harassment? Legal Action? Calls to Friends or Neighbors? Abuse? (Use as many lines or pages as needed) |
|---|---|---|---|---|---|---|
| 3/12/08 | 6:20 AM | 2 mins | | payment | Chase # 5733 1-800-327-4676 | when buy |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |

ATTORNEY CLIENT PRIVILEGED / ATTORNEY WORK PRODUCT

Page _____ of _____

# UNLAWFUL COLLECTION COMMUNICATIONS LOG

- DOCUMENT immediately every communication you have with any debt collector whether by letter, by phone or by message. Make detailed notes of any communications you have with a debt collector during the conversation. Keep this log next to your phone.

- SAVE every single voice mail, answering machine, collection letter, and paper message. Don't throw anything away, including the envelopes that the collection letters came in in anything included with the collection letter.

- ALWAYS FIRST SAY: "Hi. I am recording this conversation. (If you record and don't say this, you can be sued by EQUIFAX) by Cal. or hold information before incurs etc. stage.

- CONTACT LISTs, on all the following morning to advise of any collectors that contacted you so we can send additional notes to the creditor.

| Date of Call (DD-MM-AA) | Time of Call (DD-MM-AA) | How Many Minutes Did Call Last? (Appx.) | Phone Call, Voice Mail, Letter, Paper Message? | Collector's Name? | Collection Agency Name and Telephone Number? | What Did Collector Say? Amount Demanded? Payment Terms? Threats? Profanity? Harassment? Legal Action? Calls to Friends or Neighbors? Abuse? (Use as many lines or pages as needed) |
|---|---|---|---|---|---|---|
| 3/18 | 12:15 PM | 2 minute | | Cira | Chase 1800-327-4676 | they called my work |
| 3/14/08 | 4:27 PM | 8 minute | | Cira | Chase 1800-327-4676, | they want to talk con Virgilio |

ATTORNEY CLIENT PRIVILEGED / ATTORNEY WORK PRODUCT

# UNLAWFUL COLLECTION COMMUNICATIONS LOG

- DOCUMENT immediately every communication you have with any debt collector, whether by letter, by phone or by message. Make detailed notes of every conversation you have with a debt collector during the conversation. Keep this log next to your phone.

- SAVE every single voice mail, answering machine, collection letter, and paper message. Don't throw anything away, including the envelopes that the collection letters came in, or anything included with the collection letter.

- ALWAYS FIRST SAY at: *I am recording this conversation.* (If you record and don't say this, you can be sued for $3,000.00) Include all this information below in every case.

- CONTACT US by email the following morning to advise of any collectors that contacted you so we can send additional notices to the creditor.

| Date of Call? (MM/DD/YY) | Time of Call? (00:00 AM) | How Long (Minutes Did Call Last)? (00:00) | Phone Call, Voice Mail, Letter, Paper Message? | Collector's Name? | Collection Agency Name and Telephone Number? | What Did Collector Say? Amount Demanded? Payment Terms? Threats? Profanity? Harassment? Legal Action? Calls to Friends or Neighbors? Abuse? (Use as many lines or pages as needed) |
|---|---|---|---|---|---|---|
| 11/3/08 | 11:50 AM | 2 mins | Phone | Ray | Chase 1 800-327-4676 | 1800 Ray When Pay |

ATTORNEY CLIENT PRIVILEGED / ATTORNEY WORK PRODUCT

Page ___ of ___

# UNLAWFUL COLLECTION COMMUNICATIONS LOG

- DOCUMENT immediately, every communication you have with any debt collector, whether by letter, by phone or by message. Make detailed notes of any conversations you have with a debt collector during the conversation. Save this log next to your phone.

- SAVE every single voice mail, answering machine, collection letter, and paper message. Don't throw anything away or belong the envelopes that the collectors letters came in or anything included with the collection letter.

- ALWAYS FIRST SAY, as I am recording this conversation. (If you record and don't say this, you can be sued for recording) In fact all your calls will be recorded. Later you can send additional notes to the attorney.

- CONTACT US by email the following morning to advise of any collectors that contacted you so we can send additional notes to the attorney.

| Date of Call (MM/DD/YY) | Time of Call (00:00 AM) | How Many Minutes Did Call Last? (Approx.) | Phone Call, Voice Mail, Letter/Paper Message? | Collector's Name? | Collection Agency Name and Telephone Number? | What Did Collector Say? Amount Demanded? Payment Terms? Threats? Profanity? Harassment? Legal Action? Calls to Friends or Neighbors? Abuse? (Use as many lines or pages as needed) |
|---|---|---|---|---|---|---|
| | Peak | 2 min's | | Will | Chase Card 1984 34 2853 | When Pay |
| 09/11/08 | 5:09 PM | | Letter Paper | | Chase Card #6862 | |
| | 5:05 PM | 3 min's | | Lvette | Chase Card 1800 327 4626 | When Pay |
| 5/14/08 | | | Letter Order | | Chase Card #5733 | |

Page ___ of ___

ATTORNEY-CLIENT PRIVILEGED / ATTORNEY WORK PRODUCT